Tuesday          19th

September, 1995.


Paul J. Husske, s/k/a
 Paul Josef Husske,                                    Appellant,

 against        Record No. 0829-92-2
                Circuit Court Nos. CR-91-0943-00F through
                 CR-91-0943-02F and CR-91-1361-00F

Commonwealth of Virginia,                              Appellee.


Upon Rehearing En Banc


Before Chief Judge Moon, Judges Baker, Benton, Koontz*,
       Willis, Elder, Bray and Fitzpatrick

        Steven D. Benjamin (Betty Layne DesPortes;
        Steven D. Benjamin and Associates, on
        brief), for appellant.

        Michael T. Judge, Assistant Attorney General
        (James S. Gilmore, III, Attorney General;
        Marla Lynn Graff, Assistant Attorney
        General, on briefs), for appellee.


        By opinion issued September 20, 1994, in Husske v.

Commonwealth, 19 Va. App. 30, 448 S.E.2d 331 (1994), a panel of this

Court reversed and remanded for retrial Husske's convictions of

forcible sodomy, rape, robbery, and breaking and entering with intent

to commit rape.  On the Commonwealth's motion, we stayed the mandate

of that decision and granted rehearing en banc.  Upon rehearing en

banc, the judgment of the trial court is affirmed by an evenly divided

court.[1]

---

[1]Judge Barrow sat for the argument in this case and
participated in the initial conference, but died prior to decision
without casting a vote.

_____

Benton, and Koontz, J.J., dissenting.

Although the Court has determined that eight current members of this Court are evenly divided in their votes on the merits of this case, we believe that because Judge Barrow participated at the oral argument and conference of this case decision before his death the entire Court should rehear this appeal en banc before making a final disposition.

_____

Accordingly, the opinion previously rendered by a panel of this Court on September 20, 1994 is withdrawn, the mandate entered on that date is vacated and the judgment of the trial court is affirmed. The appellant shall pay to the Commonwealth of Virginia thirty dollars damages.

It is ordered that the trial court allow counsel for the appellant a total fee of $800 for services rendered the appellant on this appeal, in addition to counsel's costs and necessary direct out-of-pocket expenses.

The Commonwealth shall recover of the appellant the amount paid court-appointed counsel to represent him in this proceeding, counsel's costs and necessary direct out-of-pocket expenses, and the fees and costs to be assessed by the clerk of this Court and the clerk of the trial court.

This order shall be published and certified to the trial court.

Costs due the Commonwealth
 by appellant in Court of
 Appeals of Virginia:

      Attorney's fee    $800.00  plus costs and expenses
      Filing fee        25.00

_____

       *Justice Koontz participated in the hearing and decision of this case prior to his investiture as a Justice of the Supreme Court of Virginia.

A Copy,

Teste:

Richard R. James, Clerk

By:

Deputy Clerk